IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-95-10 (01) |
| | § | |
| MICHAEL DWIGHT RAVEN | § | |

## O R D E R

Michael Raven has requested, in a letter, the Grand Jury minutes of the Grand Jury that indicted him in 1995; the request (Instrument no. 486) must be denied.

The proper functioning of the Grand Jury system depends upon the secrecy of Grand Jury proceedings. Douglas Oil Company v. Petrol Stops Northwest, 441 U.S. 211, 223-24 (1979)   The burden is on the person seeking disclosure to show a particularized need exists for the materials; a need that outweighs the policy of secrecy. Pittsburg Plate Glass Company v. United States, 360 U.S. 395, 400 (1959)    To meet this burden Raven must demonstrate that 1) the material he seeks is needed to avoid a possible injustice in a judicial proceeding, 2) the need for disclosure is greater than the need for continued secrecy, and 3) his request is structured to cover only materials so needed.  This showing must be made even when the Grand Jury whose materials are sought has concluded its operations. United States v. Miramontez, 995 F.2d 56, 59, (5th Cir. 1993)    Raven's simple request will not satisfy the burden of showing a particularized need for the Grand Jury minutes and it is, therefore, **DENIED**.

2

Raven has also requested a copy of his arrest warrant, however, a review of the file indicates Raven was present at 6331 Siers in Texas City, Texas, during the execution of a valid search warrant on October 3, 1995 and, after cocaine was found, arrested without a warrant. Consequently, there is no separate arrest warrant.

**DONE** at Galveston, Texas, this <u>    21st    </u> day of April, 2008.

<u>                              </u>
John R. Froeschner
United States Magistrate Judge