## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION G-95-10-1 |
| | § | |
| MICHAEL DWIGHT RAVEN | § | |

## ORDER

Pending before the Court is defendant Raven's *pro se* "Emergency Motion for Compassionate Release." (Docket Entry No. 555.) Defendant asks the Court to grant an emergency reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and release him from the Oakdale I FCI.

Raven is a 68-year-old federal prisoner serving a 360-month sentence in the Bureau of Prisons ("BOP"). He is currently housed at the Oakdale I Federal Correctional Institution located in Oakdale, Louisiana. Public online records show that his anticipated release date is June 5, 2021. *See* https://www.bop.gov/inmateloc/.

Federal prisoners seeking "compassionate release" must exhaust their request through BOP procedures prior to seeking relief from the courts. 18 U.S.C. § 3582(c)(1)(A). Under the statutory provisions of section 3582(c)(1)(A), this Court may not consider the substantive merits of defendant's motion until he has either exhausted all administrative rights to appeal the BOP's decision not to bring a motion for compassionate release on his behalf, or 30 days have lapsed from the date he made such a request to the Oakdale FCI warden. Defendant

does not allege or otherwise show that he exhausted his request through the BOP prior to filing this motion. The statute sets forth no exceptions to the exhaustion requirement, nor has the Supreme Court or Fifth Circuit Court of Appeals carved out any exceptions. To date, only one federal appellate court has considered the matter directly, and it held that exhaustion is mandatory. *See United States v. Raia*, 954 F.3d 594, 596, 2020 WL 16479221, *2 (3d Cir. Apr. 2, 2020).

The Court notes that the Department of Justice has directed BOP officials to expedite review of vulnerable inmates for release to home confinement. The United States Attorney General has identified the Oakdale FCI as a BOP facility of highest priority for the expedited review and release of at-risk prisoners:

> While BOP has taken extensive precautions to prevent COVID-19 from entering its facilities and infecting our inmates, those precautions, like any precautions, have not been perfectly successful at all institutions. I am therefore directing you to immediately review all inmates who have COVID-19 risk factors, as established by the CDC, *starting with the inmates incarcerated at FCI Oakdale*, FCI Danbury, FCI Elkton, and similarly situated facilities where you determine that COVID-19 is materially affecting operations. You should begin implementing this directive immediately at the facilities I have specifically identified and any other facilities facing similarly serious problems. And now that I have exercised my authority under the CARES Act, *your review should include all at-risk inmates* – not only those who were previously eligible for transfer.

*Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, available at https://www.justice.gov/coronavirus/DOJresponse (last visited 4/27/2020) (emphasis added). The BOP is in the best position to undertake these reviews in the first instance to

2

determine whether defendant in this case should be released to home confinement, particularly if such review is already in progress.  The Court is of the opinion that the BOP should be allowed to continue its reviews unhampered by judicial intervention at this time. Defendant may reconsider pursuing judicial relief following his proper exhaustion of BOP procedures.

Defendant's motion (Docket Entry No. 555) is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION predicated on failure to exhaust.

Signed at Houston, Texas, on May 7, 2020.

_____
Gray H. Miller
Senior United States District Judge